Jacob J. Schwartmwald, J.
The defendants move for a dismissal of the second amended complaint (1) pursuant to section 181 of the Civil Practice Act and rule 156 of the Rules of Civil Practice for failure to prosecute the issues to trial, and (2) pursuant to section 299 of the Civil Practice Act for the willful failure of the plaintiff Ida Marco in 1956 to comply with the notice of examination and orders of this court to appear for examination before trial. The plaintiff by cross motion moves for a reconsideration of the original motion to strike out the second amended complaint and, upon such reconsideration, for an order denying the said motion of the defendants.
The defendants made similar motions in 1956 and the motion to dismiss for the willful failure of the plaintiff to appear for examination was granted unless she appeared for examination on the 26th day of July, 1956. The plaintiff failed to appear on the date set and appealed to the Appellate Division from the *519 order of July 2, 1956 granting the examination and several other orders (Marco v. Sachs, 4 A D 2d 785).
The present motions were argued at length and voluminous papers submitted, and decision was reserved. Upon the appeal above referred to from the order of July 2, 1956, the Appellate Division reversed the Special Term stating as follows (Marco v. Sachs, supra): “ The question before the court on the motion to dismiss was whether or not Ida Marco’s failure to appear for examination at that time was willful. The order staying proceedings was made more than a year earlier and was, at most, a holding that no sufficient excuse for her failure to appear had then been shown. The Special Term should decide, on the record submitted and on such other evidence as the parties may be advised to present, whether Ida Marco’s failure to submit to an examination before trial in 1956 was willful. If there was such a willful default, the complaint should be dismissedotherwise, the motion should be denied. The Special Term may consider, on the question of the claimed physical incapacity of Ida Marco to appear for examination, that there is little proof of such condition other than the unsworn statements of two doctors, which are controverted by the evidence produced by respondents as to her activities. If the Special Term deems it advisable, a hearing may be held for the taking of testimony concerning Ida Marco’s physical condition.”
In accordance with the suggestion of the Appellate Division, this court under date of October 25, 1957 ordered that a hearing be held and that the parties submit personal testimony and other proof as may be necessary to clarify and reveal the plaintiff’s actual condition. Pending the holding of such hearing and a determination thereon the decisions on the motions were held in abeyance. An order was entered upon the said decision for a hearing, dated the 13th day of November, 1957, and the hearing was set down for the 26th day of November, 1957, at 10:00 a.m. The hearing was commenced on said date and continued until December 6, 1957, at which time the said hearing was closed. The hearing was extensive, all the parties were given ample opportunity to present their evidence and a complete stenographic record was made.
Upon all of the papers submitted on the motions and upon the record above referred to, the court is of the opinion that the said plaintiff acting in bad faith willfully disobeyed the order of July 2,1956 in failing to appear for examination before trial. The plaintiff sought to show that because of her physical condition she was unable to appear and be examined, but the *520 record both by the doctors for the defendants and by the proof of her physical activities convinced the court that she was able to appear on the 26th day of July, 1956, and that she willfully failed to do so. The testimony of the investigators and the photographs submitted showed that she was engaged in her business continuously for long periods of time both before and after July 26, 1956 and even as late as December 2, 1957 while the hearing was in progress, that she was able to carry on all of her other activities and that it would not have been damaging to her health to have appeared for examination in an impersonal matter such as is here involved. The plaintiff has had several opportunities in the past four years to appear for examination but she failed to do so. The record indicates that as far as her illness was concerned there were times when she was apparently fairly well and could have appeared without any difficulty or injury, but she persisted in remaining away and disobeying the orders of the court. As was testified to by one of the doctors appearing on behalf of the defendants, there are many persons with similar physical conditions who carry on their daily tasks involving physical, mental and emotional strain. At this present moment the world is viewing the case of a man who suffered a heart attack, went through serious surgery thereafter and then suffered what has been termed a slight cerebral accident, and yet this distinguished personage continues to carry on the affairs not only of this nation but of the world.
In view of the record above referred to, the court could come to only one conclusion, to wit, that the said plaintiff willfully and deliberately failed to appear for examination. Accordingly, the motion of the defendants to dismiss the second amended complaint pursuant to section 299 of the Civil Practice Act is granted. No opportunity to further appear and be examined is granted to the plaintiff because, as above set forth, the Appellate Division stated: “If there was such ivillful default, the complaint should be dismissed; otherwise, the motion should be denied.” (Emphasis supplied.)
This court also wishes to note that in the dissenting opinion, concurred in by two of the Justices of the Appellate Division on the previous appeal wherein they voted for affirmance of the order at Special Term, it was said: “ All the material facts are now before this court. They clearly show, especially when read in the light of the facts contained in the record on the prior appeals, that Ida Marco’s failude to appear and to submit to the examination before trial was not only inexcusable, but persistent, willful and deliberate, if not contumacious. Hence, the motion to dismiss the complaint was properly granted”.
*521 The motion to dismiss the second amended complaint pursuant to section 181 of the Civil Practice Act and rule 156 of the Rules of Civil Practice for failure to prosecute is denied. The cross motion of the plaintiff is denied.
Settle orders on notice.